Porter, J.
delivered the opinion of the court. This action was commenced on a note made by Pamela Hatch, before her marriage with Sylvanus Hatch, and is brought against *83 husband and wife, and Meriam, who was security. The signature of the parties, to the obligation, is proved, and the existence of the debt established beyond doubt. A question, as it respects costs, was agitated on the trial, and is the only one which the counsel for the appellant has thought necessary to discuss before us. He contends that a demand on the wife for payment, is not sufficient that it should also be made on the husband.
East’n District.
June, 1822.
The act on this subject, 2 Martin's Digest 196, provides that an amicable demand shall be made on the person of the debtor, either verbally or in writing. The only enquiry then, in the case before us, is who was debtor— husband or wife? The law has furnished the answer—husbands are not responsible for the debts of their wives, contracted before marriage, nor wives for those of their husbands; each must be acquitted out of their own personal and individual effects. Civil Code, 336, art. 65. The plaintiff has, therefore, strictly and literally complied with the requisitions of the statute, and we do not see any thing in the circumstance of its being necessary to cite the husband, to aid the wife in defending the suit, that at all affects the regularity of the proceedings.
Morse for the plaintiff, Workman for the defendant.
But we are of opinion that the judge of the district court erred in giving judgment against Sylvanus Hatch, as it is neither alleged nor proved that he bound himself to pay the debt, and we have already seen it must be satisfied out of the wife’s effects. Civil Code, loco citato. As it respects Pamela, and the other defendant Meriam, we discover no error in the decision.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; that the plaintiff do recover of Pamela Hatch, and N. Meriam, defendants, the sum of $984 50 cents, with interest from the judicial demand, and the costs in both courts—and it is further ordered, that execution shall not issue against the said N. Meriam until the property of the principal, Pamela Hatch, is discussed according to law.